UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AIMEE O'NEIL,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>STATE OF NEW YORK, et al.,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-00036-KJD-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed and why she should not be declared a vexatious litigant. Docket No. 3. Plaintiff filed a response. *See* Docket Nos. 6-7; *see also* Docket No. 9.[1] For the reasons discussed below, the undersigned **RECOMMENDS** that the complaint in this case be **DISMISSED** with prejudice[2] and that Plaintiff be **DECLARED VEXATIOUS** for the purpose of issuing a prefiling order.

**I.   DISMISSAL**

Plaintiff brings this case *pro se*, and is seeking to proceed *in forma pauperis*. District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e). A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As a result, Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is properly denied as moot.

1

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges in this case that a person affiliated with the government of the State of New York (Gloria Mazzoli) is attempting to engage Plaintiff in a sex trafficking conspiracy by (1) responding to an advertisement that Plaintiff placed for housing, (2) influencing eviction proceedings, and (3) disguising herself on the highway. *See* Docket No. 1-1 at 3-4.

In light of the frivolous and delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.

## II.   VEXATIOUS LITIGANT

This Court has the power to enter prefiling orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In determining whether a prefiling order is appropriate, the Ninth Circuit has outlined four requirements:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The first two considerations are procedural in nature while the latter two are substantive in nature. *Molski*, 500 F.3d at 1057-58. In applying the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir*, 792 F.2d 19, 24 (2d Cir. 1986)).

As more fully discussed below, the undersigned concludes through this analysis that Ms. O'Neil should be declared a vexatious litigant subject to a prefiling order.

### A.   Notice and Opportunity to be Heard

Ms. O'Neil was provided notice and afforded an opportunity to be heard. The order to show cause was mailed to Ms. O'Neil at the address she provided to the Court. *See* Docket No. 3 (notice of electronic filing). The Court then received that mail returned as undeliverable. Docket No. 4. Having identified another address in one of Ms. O'Neil's more recent cases, the Court instructed the Clerk's Office to add that address to the docket and to resend the order to show cause. *See* Docket No. 5. The Court also extended the deadline to respond to the order to show cause. *See id.* The Court has since received filings from Ms. O'Neil, which the Court construes as responses to the order to show cause. *See* Docket Nos. 6-7.[3]

### B.   Adequate Record for Review

Ms. O'Neil's recent litigation efforts in this Court have been prolific, including the initiation of at least 22 cases within 14 months:

---

[3] This matter is properly decided without a hearing. *See* Local Rule 78-1. The requirement that a party have an opportunity to be heard does not require a hearing; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

1. *O'Neil v. State of Colo.*, 2:19-cv-01962-JAD-VCF: *habeas* petition denied as filed in the wrong venue and for failure to exhaust (Docket No. 4);

2. *O'Neil v. Poland*, 2:20-cv-00648-JAD-EJY:  case dismissed for lack of personal jurisdiction and failure to state a claim (Docket Nos. 13, 14); *in forma pauperis* status revoked on frivolousness grounds (Docket No. 20);

3. *O'Neil v. O'Neil*, 2:20-cv-00652-JAD-BNW:  case dismissed as fantastic and delusional (Docket Nos. 22, 25);

4. *O'Neil v. Weld Cnty.*, 2:20-cv-00655-JAD-EJY:  case transferred as filed in the wrong venue (Docket No. 5);[4]

5. *O'Neil v. State of N.Y.*, 2:20-cv-00804-KJD-EJY:  case dismissed on sovereign immunity grounds and as frivolous (Docket Nos. 5, 15);

6. *O'Neil v. State of N.Y.*, 2:20-cv-00878-GMN-VCF:  case dismissed for failure to state a claim (Docket Nos. 15, 18);

7. *O'Neil v. Novelis*, 2:20-cv-00883-KJD-NJK:  case dismissed as frivolous and delusional (Docket Nos. 9, 13);

8. *O'Neil v. Pasco Cnty. Sheriff*, 2:20-cv-00936-GMN-BNW:  case dismissed as untimely (Docket Nos. 5, 7);

9. *O'Neil v. City of Oswego*, 2:20-cv-00940-KJD-NJK: case transferred as filed in wrong venue (Docket No. 9);[5]

10. *O'Neil v. State of N.Y.*, 2:20-cv-00941-APG-DJA:  case dismissed for lack of subject matter jurisdiction (Docket Nos. 3, 6);

---

[4] After transfer, the case was dismissed by the district court, Ms. O'Neil's appeal was dismissed, and Ms. O'Neil's petition for writ of certiorari was denied. *See O'Neil v. Weld Cnty.*, 2020 U.S. Dist. Lexis 250404 (D. Colo. June 17, 2020), 2020 U.S. App. Lexis 41466 (10th Cir. Oct. 30, 2020), 2021 U.S. Lexis 1085 (U.S. Feb. 22, 2021).

[5] After transfer, the case was dismissed. *O'Neil v. City of Oswego*, 5:20-cv-00720-GTS-ATB, Docket Nos. 20-21 (N.D.N.Y. Sept. 1, 2020) (dismissing case and entering judgment for failure to prosecute); *see also id.* at Docket Nos. 23, 25 (rejecting later attempts to file amended complaint and second amended complaint).

11. *O'Neil v. State of Colo.*, 2:20-cv-01042-GMN-NJK: case dismissed for lack of subject matter jurisdiction (Docket Nos. 3, 4);

12. *O'Neil v. O'Neil*, 2:20-cv-01050-JAD-DJA: case dismissed for failure to file an amended complaint (Docket Nos. 5, 9); appeal dismissed for failure to prosecute (Docket No. 14);

13. *O'Neil v. O'Neil*, 2:20-cv-01109-GMN-BNW: case dismissed as fantastic and delusional (Docket Nos. 6, 7);

14. *O'Neil v. State of Fla.*, 2:20-cv-01124-JAD-NJK: case transferred as filed in wrong venue (Docket No. 3);[6]

15. *O'Neil v. N.Y. State*, 2:20-cv-01203-GMN-VCF: case dismissed as frivolous and delusional (Docket Nos. 6, 10); *in forma pauperis* status revoked on frivolousness grounds (Docket No. 15);

16. *O'Neil v. State of N.Y.*, 2:20-cv-01204-GMN-EJY: case dismissed on sovereign immunity grounds and for failing to state a claim (Docket Nos. 3, 12);

17. *O'Neil v. City of Oswego*, 2:20-cv-02362-KJD-NJK: case dismissed as frivolous and delusional (Docket Nos. 3, 5);

18. *O'Neil v. State of N.Y.*, 2:21-cv-00036-KJD-NJK: the instant matter with pending order to show cause;

19. *O'Neil v. State of N.Y.*, 2:21-cv-00037-RFB-EJY: report and recommendation pending for dismissal as delusional (Docket No. 4);

20. *O'Neil v. State of N.Y.*, 2:21-cv-00038-JAD-VCF: no judicial action;

21. *O'Neil v. State of N.Y.*, 2:21-cv-00039-GMN-VCF: no judicial action; and

22. *O'Neil v. Salas*, 2:21-cv-00063-APG-EJY: complaint dismissed for failure to state a claim, with leave to amend (Docket Nos. 3-4).

---

[6] After transfer, the case was dismissed and Ms. O'Neil was warned against "filing frivolous motions in this case or commenc[ing] new actions based on similarly incoherent and patently meritless claims." *O'Neil v. Fla.*, 2021 U.S. Dist. Lexis 39655, at *3-4 (M.D. Fla. Mar. 3, 2021).

Although Ms. O'Neil is relatively new to this courthouse, she is not new to the federal judicial system.[7] As of early 2010, Ms. O'Neil had filed at least 46 federal lawsuits in New York, Florida, West Virginia, and Michigan. *See, e.g.*, *O'Neil v. Bebee*, 2010 WL 502948, at *11 (N.D.N.Y. Feb. 10, 2010) (identifying five other lawsuits in that district, along with 40 lawsuits in other federal courts). These lawsuits were characterized as frivolous. *See id.* Indeed, at least three courts have determined that Ms. O'Neil's vexatious use of the federal court system warrants entry of a prefiling injunction. *O'Neil v. Bebee*, Case No. 5:09-cv-01133-GTS-DEP, Docket No. 8 (N.D.N.Y. Mar. 19, 2010);[8] *O'Neil v. Cornerstone Homes*, 2007 WL 2116410, at *6 (N.D.W.V. July 19, 2007); *Mazzoli v. Am. Bankers Ins. Co.*, 2007 U.S. Dist. Lexis 52825, at *22-23 (W.D.N.Y. Feb. 28, 2007). At least one other court has warned of the entry of a prefiling injunction should similar filings continue. *O'Neil v. Fla.*, 2021 U.S. Dist. Lexis 39655, at *3-4 (M.D. Fla. Mar. 3, 2021).

In light of the above, the Court has an adequate record for review.

C.      Frivolousness or Harassing Nature of Cases

Ms. O'Neil's cases have been found repeatedly to be frivolous or delusional. Ms. O'Neil's frivolous filings made in other courts have already been well-catalogued, as discussed above. The complaints that Ms. O'Neil has filed in this jurisdiction have resulted in similar findings. Those complaints often suffer from numerous defects, so the reasons proffered for dismissal in the various cases have not been uniform. Nonetheless, there have been numerous explicit findings in those cases that Ms. O'Neil's allegations are frivolous, fantastical, and/or delusional. *See* Section II.B. That is also the situation in this case, as Ms. O'Neil's complaint is premised on delusional factual allegations and is properly dismissed as frivolous. *See* Section I.

---

[7] The Court focuses herein on Ms. O'Neil's history of civil litigation in United States District Courts and appeals therefrom, but her civil litigation efforts extend to other courts. *See O'Neil ex rel. O'Neil v. Cnty. of Pasco*, 36 So.3d 99 (Fla. App. May 5, 2010); *O'Neil v. United States*, 2008 WL 1991438 (Fed. Cl. Feb. 1, 2008). Ms. O'Neil also has a history with the criminal justice system. *E.g.*, *O'Neil v. Weld Cnty.*, 2020 U.S. Dist. Lexis 84394, at *1-2 (D. Nev. May 13, 2020) (summarizing Ms. O'Neil's criminal proceedings in Colorado).

[8] The Northern District of New York has subsequently issued a second, broader prefiling order. *See in re: Aimee O'Neil*, 5:20-PF-3 (GTS), Docket No. 2 (N.D.N.Y. Aug. 5, 2020).

6

Ms. O'Neil's lengthy litigation history further militates in favor of a prefiling injunction.[9] Her frivolous cases filed in this District come after other courts have found her cases to be frivolous and have issued prefiling injunctions. Rather than take heed of those findings and prefiling injunctions, Ms. O'Neil has simply moved her litigation efforts to a new forum even though the claims sometimes relate to incidents allegedly taking place years ago in those far-away jurisdictions. A litigant "is not permitted to hopscotch from court to court because she does not like the rulings she has received." *Simmons v. Go Daddy*, 2017 WL 1855766, at *1 (D. Nev. Mar. 28, 2017), *adopted*, 2017 WL 1843705 (D. Nev. May 5, 2017). More specifically, a vexatious litigant cannot circumvent a prefiling order issued in one district by filing similar cases in another district. *E.g.*, *Greene v. Alhambra Hosp. Med. Ctr.*, 2016 WL 3176596, at *5 (D. Nev. May 17, 2016), *adopted*, 2016 WL 3148389 (D. Nev. June 2, 2016).

In addition, Ms. O'Neil's frivolous litigation has unnecessarily burdened the courts. The Court's time is a public resource that should not be squandered. *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986). In this courthouse alone, five magistrate judges and five district judges have expended scarce resources to address Ms. O'Neil's frivolous claims in 22 different cases. Ms. O'Neil's initiation of lawsuits in this courthouse has also resulted in wasted resources in transferee district courts, courts of appeal, and the United States Supreme Court.

Lastly, lesser sanctions would not be adequate to protect the Court. As noted above, Ms. O'Neil has continued on with her vexatious lawsuits in this courthouse notwithstanding the entry of prefiling injunctions elsewhere. The admonitions from those courts proved insufficient to deter Ms. O'Neil in general and simply resulted in Ms. O'Neil subjecting a new set of judges to her vexatious conduct. Only a prefiling injunction will suffice.[10]

---

[9] As the discussion in Section II.B. makes clear, numerous cases have been resolved based on the frivolous nature of the claims themselves. Ms. O'Neil's filings within the cases have also displayed her vexatiousness. *See, e.g.*, *O'Neil v. O'Neil*, 2020 WL 4808759, at *2 (D. Nev. Aug. 18, 2020) (indicating that "the docket is replete with additional 'notices' Plaintiff filed"); *O'Neil v. O'Neil*, 2020 WL 4692127, at *1 n.4 & *2 (D. Nev. Aug. 5, 2020) (denying motion for default filed after issuance of report and recommendation); *O'Neil v. Poland*, 2020 WL 4194140, at *1 (D. Nev. July 21, 2020) (denying motion for default given lack of proof of service).

[10] The other considerations outlined by the Ninth Circuit (*i.e.*, the litigant's motives and status of counsel representation) do not warrant a different outcome. Although the Court applauds Ms. O'Neil for her efforts in progressing her mental-health journey, *see* Docket No. 6 at 5, there

### D. Narrowly-Tailored Prefiling Order

In light of the above, a prefiling order is warranted. The Court must therefore craft a prefiling order that is not overly broad and is as narrowly tailored as possible to address the vexatious conduct at issue. An order is narrowly tailored where it preserves the litigant's right to adequate, effective and meaningful access to the court, while protecting the court from abuse. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). When a narrow injunction would not suffice to address the litigant's abuse, the Court must provide justification for the broader scope of the injunction that is imposed. *See Burkley v. Jacquez*, 809 Fed. Appx. 388 (9th Cir. 2020). A general history of litigious conduct may support a broad prefiling injunction, particularly where the litigant's vexatious conduct is not confined to a single set of defendants or a single topic area. *E.g.*, *Harper v. United States*, 2017 WL 5759880, at *5 (S.D. Cal. Nov. 28, 2017); *Greene*, 2016 WL 3176596, at *6-7; *Brown v. Hoops*, 2013 WL 5329484, at *6 (C.D. Cal. Sept. 20, 2013); *Hurt v. All Sweepstakes Contests*, 2013 WL 144047, at *7 (N.D. Cal. Jan. 11, 2013).

There are common threads running through some of Ms. O'Neil's cases. Several of the cases repeat allegations stemming from the removal of Ms. O'Neil's children from her custody in or near Holiday, Florida (*i.e.*, Pasco County) and the relocation of the children to Oswego, New York. *See, e.g.*, *O'Neil v. Pasco Cnty. Sheriff*, 2020 WL 6206003, at *1 (D. Nev. Oct. 20, 2020); *O'Neil v. N.Y.*, 2020 WL 3421780, at *1 (D. Nev. May 28, 2020); *Bebee*, 2010 WL 502948, at *3-4; *O'Neil v. United States*, 2008 U.S. Claims Lexis 493, at *2-3. In other cases, Ms. O'Neil's claims do not appear to arise from those alleged events, but are nonetheless brought against similar parties. *See, e.g.*, *O'Neil v. City of Oswego*, 2021 WL 259499, at *1 (D. Nev. Jan. 7, 2021) (suit against the City of Oswego for alleged conspiracy with Ms. O'Neil's daughter in violation of RICO); *O'Neil v. N.Y.*, 2020 WL 3808896, at *1 (D. Nev. July 7, 2020) (suit against New York for alleged interference with a marijuana operation run by Ms. O'Neil's father). Still other cases are farther afield, with little or no apparent connection to the above cases or parties. *E.g.*, *O'Neil*

---

is not an objective basis on which to believe Ms. O'Neil would prevail in these cases regardless of any subjective beliefs she may hold, *see Molski*, 500 F.3d at 1058 (pointing to consideration of the litigant's motive, including whether she has an "objective good faith expectation" of winning). Moreover, the Court is mindful that Ms. O'Neil is not represented by counsel. *See id.*

*v. O'Neil*, 2020 WL 5545119, at *1 (D. Nev. Sept. 16, 2020) (suit in which Ms. O'Neil alleged that "her mother in Florida, aided by another woman in New York, interfered with her ability to earn a living in Colorado, plotted to have her killed, had her phone tapped, recruited her coworkers to stalk and intimidate her, and had men sexually harass her, all 'out of hate, jealousy and revenge.' To provide insight into her relationship with her mother, O'Neil recounts a dark tale of childhood abuse and exploitation, murder, and grave-switching"); *O'Neil v. Poland*, 2020 WL 4196458, at *1 (D. Nev. June 29, 2020) (suit against Ms. O'Neil's former Colorado-based public defender for ineffective assistance); *O'Neil v. Colo.*, 2020 U.S. Dist. Lexis 120773, at *2-3 (D. Nev. June 19, 2020) (suit against state of Colorado for, *inter alia*, allegedly sending agents to interfere with Ms. O'Neil's fingerprinting as she tried to obtain a census job); *O'Neil v. Novelis*, 2020 U.S. Dist. Lexis 111278, at *2 (D. Nev. May 28, 2020) (suit against company for, *inter alia*, allegedly wiretapping Ms. O'Neil's phone and implanting an RFID chip in Ms. O'Neil's neck).[11] In short, although some of the cases bear resemblances to one another, Ms. O'Neil's litigation portfolio is not readily defined by either subject matter or opposing parties.

Given the wide-ranging nature of the claims being brought by Ms. O'Neil and the parties being sued, a prefiling injunction against all lawsuits is warranted.[12]

### E. Conclusion

It is therefore recommended that the Court issue a vexatious litigant order directing the Clerk's Office not to accept for filing any complaint or *in forma pauperis* application from Aimee O'Neil unless she first obtains leave from a judge of this Court. Before Ms. O'Neil may file an action, she must first file a motion for leave to file a complaint. Ms. O'Neil must submit a copy of this Court's vexatious litigant order and a copy of the proposed complaint with any such motion. If the Court does not grant Ms. O'Neil written permission to file a complaint within thirty days of the date of her motion, permission will be deemed denied.

---

[11] The nature of suit similarly varies, including habeas, § 1983 civil rights claims, state tort claims, and statutory claims like RICO.

[12] Such breadth is also warranted given Ms. O'Neil's efforts to circumvent other prefiling injunctions by bringing similar suit in a new venue. A broad prefiling injunction here will guard against circumvention attempts through slight variation to claims or parties.

### III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the complaint in this case be **DISMISSED** with prejudice and further that Ms. O'Neil be **DECLARED VEXATIOUS** for the purpose of issuing a prefiling order.

Dated: March 24, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).